UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-P59-R

**TERRY FRAZIER**                                                                              **PLAINTIFF**

v.

**JAMES A. CRUMLIN**                                                     **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Terry Frazier filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff alleges that James A. Crumlin, his criminal defense attorney during criminal proceedings in 1992-1993, violated the Sixth and Fourteenth Amendments to the United States Constitution, Sections 2, 3, 7, 11, and 115 of the Kentucky Constitution, and the Code of Judicial Ethics. Plaintiff alleges that during the time of Crumlin's representation, Crumlin "was suffering from serious mental and physical impairment while representing Frazier, and that Crumlin's impairment, resulted in the rendering of deficient performance." Plaintiff further alleges that Crumlin pursued an inappropriate relationship with Plaintiff's "common-law wife" during the initial stages of the criminal prosecution and that this situation created an actual conflict of interest between attorney and client. As relief, Plaintiff asks the Court to declare that Crumlin's actions violated the Constitution rendering his plea of guilty invalid. He also seeks compensatory and punitive damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, -- U.S. -- , 127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a

2

claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

#### A.  *42 U.S.C. § 1983*

To establish a right to relief under 42 U.S.C. § 1983, a plaintiff initially must plead and prove two elements: (1) that he has been deprived of a right, privilege or immunity secured by the Constitution and laws of the United States; and (2) that the defendants deprived him of that right while acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists.  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

While it is unclear whether Defendant Crumlin was a public defender or a private attorney representing Plaintiff in his criminal action, it is clear that Defendant Crumlin was not acting under color of state law during his legal representation of Plaintiff.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (holding that a private attorney is not acting under color of state law even if he had been appointed by the court).  Accordingly, the § 1983 claim will be dismissed for failure to state a claim upon which relief may be granted.

Further, to the extent Plaintiff seeks to invalidate his guilty plea, he may do this only by way of a petition for writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-89 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).

### B. *State-law claims*

Plaintiff additionally claims that Defendant violated Sections 2, 3, 7, 11, and 115 of the Kentucky Constitution. Section 1367(c) of title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Those claims will, therefore, be dismissed without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:  Plaintiff, *pro se*
     Defendant
4413.005

4